# United States Tax Court

T.C. Memo. 2025-24

SHERMAN DERELL SMITH,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4235-22.                    Filed March 24, 2025.

————

Sherman Derell Smith, pro se.

*Tiffany A. Loewenstein*, *Gabriel H. Kim*, and *Michael K. Park*, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, *Chief Special Trial Judge*: In a Notice of Deficiency (Notice) dated November 8, 2021, respondent determined a deficiency in petitioner's 2018 federal income tax along with section 6651(a)[1] additions to tax.

The parties have resolved all the issues raised by determinations or adjustments made in the Notice. We need consider only petitioner's entitlement to a depreciation deduction claimed on his 2018 federal income tax return submitted to respondent after the Notice was issued.

—————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**                        FINDINGS OF FACT

Petitioner lived in California when the Petition was filed. The depreciation deduction here in dispute relates to property in Los Angeles, California (rental property).

Petitioner's brother purchased and began using the rental property as his residence in 2002. Apparently, the purchase was financed, at least in part, by a loan to petitioner's brother secured by a mortgage on the rental property. In 2011 petitioner assumed the outstanding balance on the loan, and several years later petitioner's brother conveyed an interest in the rental property to petitioner as a tenant-in-common. According to petitioner, the rental property was first held for rent, and rented, in 2017. It is unknown whether petitioner's brother continued to live there at that time or since.

Petitioner's 2018 federal income tax return was due on or before April 15, 2019, but it was not submitted to respondent until March 11, 2024, after the Notice was issued and the Petition was filed. Income and deductions shown on the return otherwise not taken into account in the Notice have also been agreed to between the parties, with the exception of a depreciation deduction shown on a depreciation schedule attached to Schedule E, Supplemental Income and Loss, included with the return. Given the many items agreed to between the parties, we suspect that if the return had been timely filed, then this case would not have materialized.

Be that as it may, according to respondent, petitioner is not entitled to the depreciation deduction here in dispute because he has failed to establish the rental property's fair market value or depreciable basis at the time of conversion. According to petitioner, he did his best to calculate both amounts and used those amounts to compute that deduction.

OPINION

As has often been noted, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deductions claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

In general and as relevant here, section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion and

**[\*3]** wear and tear of property held for the production of income. To be entitled to a depreciation deduction, a taxpayer must substantiate the property's depreciable basis by showing its cost, its useful life, and any previously allowed or allowable depreciation. *Cluck v. Commissioner*, 105 T.C. 324, 337 (1995). If, as in this case, property that was not originally held for the production of income is subsequently converted to such use, then the property's basis for computing depreciation is the lesser of the fair market value or the adjusted basis on the date of such conversion. Treas. Reg. § 1.167(g)-1. Although we agree that petitioner did the best he could under the circumstances to estimate the rental property's (1) fair market value and (2) adjusted basis at the time of conversion, the evidence he offered to establish those amounts for purposes of that comparison is lacking.

Petitioner used real estate valuation sources available in 2024 to estimate the rental property's fair market value at the time of conversion. At best his estimate of the rental property's fair market value must be considered a "guestimate" that hardly satisfies the precision required by section 167 and Treasury Regulation § 1.167(g)-1. But even if we were to accept his estimate of the rental property's fair market value at the relevant time, his claim to the deduction would fail because of his lack of proof on the rental property's basis. The circumstances surrounding his acquisition of his interest in the rental property from his brother, as he described it, leaves too much uncertainty to allow for the necessary computation of the rental property's basis.

Petitioner has failed to establish that the depreciation deduction here in dispute was calculated by taking into account the lesser of (1) the rental property's fair market value or (2) his basis in the rental property. That being so, he is not entitled to the depreciation deduction shown on his untimely 2018 federal income tax return.

To reflect the foregoing and the agreement between the parties on other matters,

*Decision will be entered under Rule 155.*